**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**MONROE DIVISION**

| | |
|---|---|
| **KONDRICK D. KING** | **CIVIL ACTION NO. 09-0177** |
|     LA. DOC #354325 | |
| VS. | **SECTION P** |
| | **CHIEF JUDGE JAMES** |
| **BRUCE McGEE, ET AL.** | |
| | **MAGISTRATE JUDGE HAYES** |

**REPORT AND RECOMMENDATION**

*Pro se* plaintiff Kondrick D. King, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on February 2, 2009. Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. He is incarcerated at the Richwood Corrections Center, Monroe, Louisiana; however, he complains that he received inadequate medical care while he was incarcerated at the Lincoln Parish Detention Center (LPDC) and working as a trustee for the Lincoln Parish Police Jury. Plaintiff sues parish employee Bruce McGee, LPDC Warden Thomas, the Lincoln Parish Police Jury, and two unnamed nurses employed in the emergency room at the E.A. Conway Hospital in Monroe, Louisiana. Plaintiff seeks "proper medical treatment" and compensatory damages. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** as frivolous.

*Background*

*1. Original Complaint [rec. doc. 1]*

Plaintiff is an inmate in the custody of the LDOC. According to his original complaint, on

September 30, 2008[1] he was a trustee housed at the Lincoln Parish Detention Center, Ruston, Louisiana. He was assigned to pick up trash in Lincoln Parish and while so engaged sometime between 10:00 a.m. – 10:45 a.m., the van used to transport plaintiff and his fellow trustees was involved in a collision. According to plaintiff, Bruce McGee, the driver of the van, and an employee of the Lincoln Parish Police Jury, attempted to cover up the accident and did not notify the police or the authorities at the LPDC. He did however, assess the damage to the van and notify his supervisor.

McGee then drove the damaged van to the Parish Highway Department office where it was repaired in approximately two hours. Once the van was repaired, McGee demanded that the plaintiff and his fellow trustees resume their work duties. McGee told the plaintiff and his companions that if they did not resume working, they would be placed on lock down. Plaintiff, who was in pain, worked until 3:00 p.m.

Upon his return to LPDC, plaintiff notified Sgt. Powers of the incident. Powers in turn alerted Warden Thomas who immediately ordered that the plaintiff and his companions be transported to the E.A. Conway Hospital in Monroe. Plaintiff claims that because he is an inmate, he did not receive the proper treatment. He was, however, given an injection for pain.

On the following day he experienced more pain in his back and knee. He was examined by a physician at the Lincoln Parish Medical Center who provided 800 mg. of pain reliever and authorized a bottom bunk for plaintiff. Plaintiff filed a grievance raising unspecified claims.

On the following day plaintiff was transferred to the Jonesboro Detention Center.

---

[1] As is shown below, in his amended complaint plaintiff alleged that the incident occurred on October 30, 2008. Plaintiff does not explain this discrepancy.

According to the plaintiff, the physician at the Lincoln Parish Medical Center ordered x-rays, so the Jonesboro Detention Center authorities sent plaintiff back to E.A. Conway Hospital. According to plaintiff, since he was an inmate, the medical staff ignored the physician's orders and did not provide an x-ray examination.

Plaintiff claims that he is still in pain and that each time he submits a grievance, he is transferred to another detention center and his grievances remain unanswered.

Plaintiff faults defendant McGee for failing to report the accident to the police, call an ambulance, or notify the jail. He faults the hospital staff for denying proper medical treatment. He faults Warden Thomas for transferring plaintiff "for no reason."

## 2. Amended Complaint

Plaintiff was instructed to amend his complaint to provide more specific information.[2]

In the amended complaint plaintiff claimed that McGee failed to notify authorities following the accident and forced the inmates to return to work or be placed in lock down. He was also faulted for driving a vehicle without seatbelts. According to plaintiff, had McGee reported the accident to the appropriate authorities, plaintiff and his colleagues would have received proper and appropriate medical care.

Plaintiff claimed that the unnamed nurses at E.A. Conway Hospital ignored a Lincoln Parish physician's orders to obtain x-rays to ensure that plaintiff did not sustain a serious injury.

---

[2] Plaintiff was advised, "Plaintiff has provided some detail with respect to his claims against Mr. McGee, however, he has not alleged fault on the part of the Police Jury, and, he has not identified the persons comprising the E.A. Conway medical department. Further, he has not specified the dates that he was treated at E.A. Conway and, he has not provided any detailed description of the injury he claims to have sustained." He was thereafter ordered to "... state with specificity the nature and extent of the injuries he claims to have sustained as a result of each defendant's fault." [rec. doc. 4]

3

He also claimed that these nurses "... treated me cruel and harsh..." He conceded that while these nurses gave him a "shot for pain" and provided 800 mg of pain medicine, they did nothing in the way of diagnosing his knee and back pain.

Plaintiff claimed that Warden Thomas "... was at fault because [plaintiff] was in his custody..." According to plaintiff, the Warden was aware of the accident and should have ensured proper medical treatment, but instead, he authorized plaintiff's transfer to another facility.

Plaintiff claimed that Lincoln Parish was at fault because "... McGee notified his supervisor who must have told him to ignore [the accident] and get van fixed because he was called and showed up at Highway Patrol in Lincoln Parish..."

According to the amended complaint, the accident occurred on October 30, 2008. According to plaintiff he was sent to E.A. Conway Hospital on October 30, 2008, and then again sometime in November, 2008. According to plaintiff he was examined by physicians in Lincoln Parish Detention Center and at the Jonesboro Correctional Center and that both physicians' orders for x-rays were ignored by unidentified nurses at the E.A. Conway Hospital.

Plaintiff described his injury as follows: "Due to the fact that Lincoln Parish Police Jury van didn't have safety belts for back seat riders, when in collision, my knee jammed against the back of seat in front of me. Also the jerk cause my back to slip and I really don't know how bad or how serious this may be. My back and knee both still bother me seriously at night. The 800 mg I was on was stopped. Nurse said you can only take Ibuprofen for so long. Now I don't receive nothing for pain. Some mornings I wake up and can't move and it's bad, because the longer I go without medical treatment the more damage I may cause to body." [rec. doc. 5, p. 3]

*Law and Analysis*

*1. Screening*

When a prisoner sues an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).

A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); see, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986).

District courts must construe *in forma pauperis* complaints liberally, but they are given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994).

A civil rights plaintiff must support his claims with specific facts demonstrating a

constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

Plaintiff's complaint was deemed insufficient. Plaintiff was instructed on the law and directed to amend his complaint to provide additional facts. Plaintiff amended his complaint, but, as is shown more fully below, his amended complaint did not cure the deficiencies previously noted. Nevertheless, accepting all of plaintiff's allegations as true, the undersigned concludes, for the reasons stated hereinafter, that his medical care complaint is frivolous.

## 2. Medical Care

Medical care claims when asserted by convicted prisoners, like plaintiff, are analyzed under the Eighth Amendment's prohibition of cruel and unusual punishment. In order to prevail on such claims, convicts must establish that the defendant prison officials knew of and then disregarded an excessive risk to the plaintiff's health and safety. *Farmer v. Brennan*, 511 U.S. 825,837, 114 S.Ct. 1970, 1980, 128 L.Ed.2d 811 (1994); *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). In other words, the plaintiff must show "deliberate indifference" on the part of the defendants. *Wilson v. Seiter*, 501 U.S. 294, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991). "Deliberate indifference" in this context means that: (1) the prison officials were aware of facts from which an inference of substantial risk of serious harm could be drawn; (2) the officials actually drew that inference; and (3) the officials' response indicated that <u>they subjectively intended that harm occur</u>. *Thompson v. Upshur County, Texas*, 245 F.3d at 458-59.

Such deliberate indifference has been equated with "subjective recklessness as used in the criminal law." *Farmer v. Brennan*, 511 U.S. 825,837, 114 S.Ct. 1970, 1980, 128 L.Ed.2d 811 (1994); *Reeves v. Collins*, 27 F.3d 174 (5th Cir.1994).

Thus, even "... the failure to alleviate a significant risk that [the official] should have perceived, but did not is insufficient to show deliberate indifference." *Domino v. Texas Department of Criminal Justice*, 239 F.3d 752, 756 (5th Cir.2001)(emphasis supplied). Moreover, "deliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of serious harm." *Thompson*, 245 F.3d at 459 (emphasis supplied). "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir.1997); see also *Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir.1999).

"[D]eliberate indifference is an extremely high standard to meet" and requires a showing that "the officials 'refused to treat [the prisoner], ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.'" *Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir.2001) (citing *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir.1985)). Finally, disagreement with diagnosis and treatment cannot support a claim of deliberate indifference. *Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir.1995); *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir.1991).

Plaintiff has named only four defendants: (1) Bruce McGee, the driver of the vehicle; (2) LPDC's Warden Thomas; (3) the Lincoln Parish Police Jury; and (4) the unidentified nurses at E.A. Conway Hospital emergency room.

7

Plaintiff faults McGee for failing to notify the authorities immediately after the accident; for driving a van without proper safety equipment; and for insisting that the plaintiff return to work following the accident. None of these allegations establish deliberate indifference. In fact, at worst, McGee was guilty of negligence in failing to insure the safety of his passengers. Further, as admitted by the plaintiff, McGee, while he did not call an ambulance or the local police to report the accident, did immediately notify his supervisor, and, within a few hours of the accident, he notified Sgt. Powers and Warden Thomas who immediately made arrangements for plaintiff's examination and treatment at the E.A. Conway Hospital. The allegations contained in both the original and amended complaints fail to establish deliberate indifference on the part of McGee.

Plaintiff faults Warden Thomas because plaintiff "... was in his custody..." when the accident occurred. He faults Thomas for transferring plaintiff before he received proper treatment. However, these allegations simply do not establish deliberate indifference on the Warden's part. In fact, as shown above, the initial examination and treatment of the plaintiff was accomplished almost immediately after Thomas was made aware of the accident. Further, by his own admission, on the following day, plaintiff was examined by another physician at the Lincoln Parish Medical Center. Thus, Warden Thomas was apparently responsible for obtaining medical examinations and treatment for the plaintiff on the day of the accident and on the following day. The fact that plaintiff was thereafter transferred to another prison in no way suggests deliberate indifference on Warden Thomas's part, and, the failure to provide medical treatment after the plaintiff's transfer to another institution cannot be attributed to Warden Thomas.

Plaintiff implies that the Lincoln Parish Police Jury is liable under a theory of

*respondeat superior* since they are the employers of McGee and his unnamed supervisor. However, a parochial or municipal governing authority may not be held liable for a civil rights violation under theories of *respondeat superior* or vicarious liability. See *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Evett v. DETNTFF*, 330 F.3d 681, 689 (5th Cir.2003). Local governing authorities can be found liable pursuant to 42 U.S.C. § 1983, only where the governing authority itself causes the constitutional violation at issue, for example, by establishing an unconstitutional policy or custom. See *City of Canton v. Harris*, 489 U.S. 378, 385 (1989). To recover under these circumstances, a plaintiff must demonstrate "(1) an official policy (or custom), of which (2) a policy maker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose 'moving force' is that policy (or custom)." *Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir.2002) (citing *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir.2001)). Plaintiff alleged no fault on the part of this defendant in his original complaint. He was ordered to amend and his amended complaint alleged only a theory of vicarious liability.

Finally, plaintiff faults the unnamed nurses at E.A. Conway because they did not provide an x-ray examination which was allegedly ordered by unnamed physicians. Plaintiff was afforded an opportunity to provide more factual support for this allegation. However, he did not.

Of course, in a typical hospital setting, radiology technicians are responsible for conducting x-ray examinations ordered by physicians. It is highly unlikely that the emergency room nurses would have been qualified to conduct such an examination. Plaintiff did concede, however, that these nurses provided pain medication for him. In short, plaintiff has not alleged facts sufficient to establish deliberate indifference on the part of these unnamed nurses. At worst,

9

they were guilty of negligence if they failed to follow-up on the physician's order for x-rays.³

Finally, plaintiff complains that he is still in distress and suffering pain from the injuries he sustained in the accident which occurred either in September or October 2008. However, plaintiff has had no contact whatsoever with any of the defendants since shortly after the accident when he was transferred to another prison. In other words, none of the named defendants can be held liable for the allegedly inadequate medical care he received following his transfer from the LPDC within two days of the accident in question and none are in a position to provide such care for plaintiff.

Plaintiff has not shown that the defendants – McGee, Thomas, Lincoln Parish Police Jury, or the E.A. Conway nurses – "'refused to treat [him], ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.'" *Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir.2001) (citing *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir.1985)). In short, plaintiff's medical care claims are frivolous.

### *4. Conclusion and Recommendation*

Considering the foregoing

---

³ Further, as observed in the order directing plaintiff to amend his complaint, it is not at all clear whether these defendants are "state actors." As noted, "In order to recover under § 1983, a plaintiff must prove (1) that he was deprived of a federally protected right, and (2) that the deprivation occurred under color of state law. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155, 98 S.Ct. 1729, 1733, 56 L.Ed.2d 185 (1978); *West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988). The plaintiff may satisfy the "under color of state law" requirement by proving that the conduct causing the deprivation is "fairly attributable to the State" which means proof (1) that the deprivation was caused by the exercise of a state-created right or privilege, by a state-imposed rule of conduct, or by a person for whom the state is responsible, and (2) that the party charged with the deprivation may be fairly described as a state actor. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)). The deprivation must be intentional, as negligent conduct cannot serve as the basis for a § 1983 claim. See *Jackson v. Procunier*, 789 F.2d 307, 310 (5th Cir.1986) (citing *Davidson v. Cannon*, 474 U.S. 344 (1986); *Daniels v. Williams*, 474 U.S. 327 (1986)). Plaintiff has not shown that the E.A. Conway nurses were state actors.

**IT IS RECOMMENDED THAT** plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous in accordance with the provisions of 28 U.S.C. §1915(e)(2)(B).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, July 13, 2009.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE